U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**Signed October 16, 2006**
                                                    **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| CAROLYN ANN COLEY, | § | CASE NO. 06-50017-RLJ-7 |
| | § | |
| Debtor | § | |

_____

| | | |
|---|---|---|
| LVR CARPET CENTER, INC., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-5033 |
| | § | |
| CAROLYN ANN COLEY, | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM OPINION AND ORDER**

On September 26, 2006, a hearing was held on the motion for partial summary judgment

filed by plaintiff LVR Carpet Center, Inc. ("LVR Carpet"). Defendant Carolyn Ann Coley

("Coley") filed her response in opposition to the motion.

Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper when

the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). When deciding a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

To defeat a properly supported motion for summary judgment, the non-movant must present more than a mere scintilla of evidence. *Id*. at 251. A factual dispute precludes a grant of summary judgment if the evidence would permit a reasonable fact-finder to return a verdict for the nonmoving party. *See Merritt-Campbell, Inc. v. RxP Prods., Inc*., 164 F.3d 957, 961 (5th Cir. 1999). Rule 56 does not impose upon the court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Adams v. Travelers Indem. Co. of Conn.*, 2006 WL 2620585 (5th Cir. 2006).

LVR Carpet seeks to have its claim, evidenced by a state court judgment, held non-dischargeable under 11 U.S.C. § 523(a)(4), which states that a "discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . ." LVR Carpet contends that Coley committed fraud or defalcation while acting in a fiduciary capacity with the fiduciary relationship arising under Texas Property Code sections 162.001 through 162.031, which has been described as the Texas Construction Trust Fund Statute. The relevant provisions of the statute state:

§ 162.001. Construction Payments and Loan Receipts as Trust Funds

- 2 -

(a) Construction payments are trust funds under this chapter if the payments are made to a contractor or subcontractor or to an officer, director, or agent of a contractor or subcontractor, under a construction contract for the improvement of specific real property in this state.

§ 162.002. Contractors as Trustees

A contractor, subcontractor, or owner or an officer, director, or agent of a contractor, subcontractor, or owner, who receives trust funds or who has control or direction of trust funds, is a trustee of the trust funds.

§ 162.003. Beneficiaries of Trust Funds

An artisan, laborer, mechanic, contractor, subcontractor, or materialman who labors or who furnishes labor or material for the construction or repair of an improvement on specific real property in this state is a beneficiary of any trust funds paid or received in connection with the improvement.

§ 162.031. Misapplication of Trust Funds

(a) A trustee who, intentionally or knowingly or with intent to defraud, directly or indirectly retains, uses, disburses, or otherwise diverts trust funds without first fully paying all current or past due obligations incurred by the trustee to the beneficiaries of the trust funds, has misapplied the trust funds.

(b) It is an affirmative defense to prosecution or other action brought under Subsection (a) that the trust funds not paid to the beneficiaries of the trust were used by the trustee to pay the trustee's actual expenses directly related to the construction or repair of the improvement or have been retained by the trustee, after notice to the beneficiary who has made a request for payment, as a result of the trustee's reasonable belief that the beneficiary is not entitled to such funds or have been retained as authorized or required by Chapter 53.

.     The affirmative defense at section 162.031(b) for "actual expenses directly related to the construction or repair of the improvement" is limited to costs actually and directly tied to the improvement in question and does not include "indirect" expenses, such as overhead to the contractor in question, or "profit" built into the job's price. *In re Faulkner*, 213 B.R. 660 (Bankr. W.D. Tex. 1997).

The Fifth Circuit has held that the Texas Construction Trust Fund Statute creates fiduciary duties encompassed by section 523(a)(4) of the Bankruptcy Code. *Matter of Nicholas*, 956 F.2d 110, 113 (5th Cir. 1992). Such fiduciary duties are defined by the prohibited activity – using construction trust funds for purposes other than paying the identified beneficiaries or other expenses "directly related to the construction project." *Id.*[1] The summary judgment evidence conclusively establishes that the sum of $8,959 paid to the contractor, Addison Roofing and Remodeling, and then placed in Coley's bank account on January 13, 2000, represents a payment from the Coleys' insurance company for repairs done on their house. App. to Pl's Brief pages 00008, 00232-00234. LVR Carpet qualifies as a beneficiary of the $8,959 because it provided services and materials in connection with the repairs. *See* Texas Property Code § 162.003. Coley is a "owner" that received "trust funds" and thus became a "trustee" under the Texas Construction Trust Fund Statute. *See* §§ 162.001, 162.002. Coley does not dispute through summary judgment evidence that the $8,959 was placed into her bank account or that LVR Carpet properly installed carpet at her home and was never paid for same. The summary judgment evidence does reflect, however, that a payment in the amount of $2,430 was made by Coley to LVR Carpet during the month of January, 2000. App. to Pl's Brief pages 00232, 00241. In addition, the $8,959 is included within a total deposit of $11,451.32 made in her account in January, 2000. App. to Pl's Brief pages 00232, 00233. A fact question remains concerning the

---

[1]In a subsequent opinion, *Matter of Tran*, 151 F.3d 339 (5th Cir. 1998), the circuit noted that in both *Nicholas* and the prior case *In re Boyle*, 819 F.2d, 583 (5th Cir. 1987), it held that the Texas Construction Trust Fund Statute created fiduciary duties under section 523(a)(4) only to the extent that it defined wrongful conduct. The court then stated that such holdings "are seemingly in tension" with the rule that a statute must impose fiduciary duties prior to the act of wrongdoing. 151 F.3d at 344 n. 28. The holding in *Nicholas* has recently been cited as the Fifth Circuit's definitive statement of the law regarding whether a fiduciary relationship arises under the Texas Construction Trust Fund Statute for purposes of section 523(a)(4) of the Bankruptcy Code. *See In re Cook*, 2006 WL 470586 (S.D. Tex. 2006).

amount of funds that were misapplied by Coley.  Accordingly, it is

ORDERED that the motion for partial summary judgment must be denied to the extent a fact question remains concerning the amount of funds that were misapplied by Coley.

### End of Memorandum Opinion and Order ###